IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DEMARQUIS ANTIONE CAINION,    :
                                          :
              Plaintiff,      :
                                          :
              VS.           :      CIVIL ACTION NO. 7:12-CV-108 (HL)
                                          :
Warden DANFORTH,            :
Deputy Warden CALVIN ORR,    :
Deputy Warden TED PHILBIN, and          :
Ms. KNOWLES,            :
                                          :      **ORDER AND RECOMMENDATION**
              Defendants.    :

---

Plaintiff **DEMARQUIS ANTIONE CAINION**, an inmate at Valdosta State Prison in Valdosta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

### I.  REQUEST TO PROCEED IN FORMA PAUPERIS

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee.  28 U.S.C. § 1915(b)(1).  If the prisoner has sufficient assets, he must pay the filing fee in a lump sum.  If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available.  Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee.

28 U.S.C. § 1915(b)(4).  In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee.  The agency having custody of Plaintiff shall forward said payments from Plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.  28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where Plaintiff is confined.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when

it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 556 U.S. 662, 667 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004).  Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. ***Hale v. Tallapoosa County***, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. ***See Chappell v. Rich***, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged

constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

### III.  STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states that he was assigned a top bunk on May 23, 2012 and on June 4, 2012 he had a seizure and fell from this bunk.  Plaintiff alleges that he "busted [his] left eye" in the fall and explains that the injury did not require stitches, but his eye did swell.  (Doc. 1 at 4).

Plaintiff states that Nurse Knowles arrived in approximately twenty minutes, was told what happened, cleaned the "wound over [his] left eye," and gave him an ice pack.  (Doc. 1 at 4).  Plaintiff complains that she did not check his blood pressure or vital signs.  Plaintiff states that she told the correctional officer who was present that there was not much she could do since Plaintiff was no longer having a seizure and instructed him to "put [Plaintiff's] cell mate on the floor" and let Plaintiff occupy the bottom bunk until his bunk assignment could be changed.  (Doc. 1 at 4).

Plaintiff states that he filed an informal grievance on June 5, 2012 with Ted Philbin in which he complained that his rights were violated when Warden Danforth allowed Deputy Warden Orr to assign him to a top bunk even though he has a history of seizures.  Moreover, Plaintiff  states that he grieved Nurse Knowles' failure to check his blood pressure or vital signs and that Defendant Philbin has not investigated this incident.

Plaintiff alleges that he is still assigned to a top bunk even though his medical records

4

and medical history at Valdosta State Prison show his history of seizures.  (Doc. 1 at 6).

Plaintiff's claim that Nurse Knowles was deliberately indifferent to his serious medical needs following the June 4, 2012 fall must be dismissed.  "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must . . . set forth evidence of an objectively serious medical need" and show "that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." *Farrow v. West*, 320 F.3d 1235, 1245-46 (11th Cir. 2003) (citations omitted); *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011).

Plaintiff's allegations do not establish either element.  A medical need is serious only if it has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would recognize the necessity for a doctor's attention.  *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1186 (11th Cir. 1994).  Nurse Knowles arrived following Plaintiff's fall, he was no longer having a seizure[1], and his only medical need at the time was a laceration above his eye.  A simple cut, which does not even require stitches, does not constitute a serious medical need.

To establish the second element, Plaintiff must allege that Defendant Knowles' response was "poor enough to constitute 'an unnecessary and wanton infliction of pain', and not merely accidental inadequacy, 'negligence in diagnosis or treatment', or even 'medical malpractice' actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir.

---

[1]While a seizure may constitute a serious medical need, Nurse Knowles could not treat Plaintiff for this seizure because he was no longer having the seizure.

5

2000) (quoting ***Estelle v. Gamble***, 429 U.S. 97, 105-06 (1976)).  Nurse Knowles did not ignore Plaintiff's injury.  She responded to the call, cleaned his wound, provided an ice pack, and told the correctional officer that Plaintiff should be given his cell mate's bottom bunk until he received a permanent bottom bunk assignment.  The fact that Plaintiff thinks she should have done more, such as checking his blood pressure or vital signs, does not establish deliberate indifference.  Whether a defendant should employ additional diagnostic techniques or treatments is a classic example of a matter for medical judgment and, therefore, an inappropriate basis for Eighth Amendment liability.  ***Adams v. Poag***, 61 F.3d 1537, 1545 (11th Cir. 1995).  Additionally, Plaintiff has not shown that he suffered any additional injuries because Defendant Knowles failed to check his blood pressure or other vital signs.

Consequently, it is **RECOMMENDED** that Plaintiff's Eighth Amendment claim against Defendant Nurse Knowles be **DISMISSED** and, since this is the only claim against Nurse Knowles, that she be **DISMISSED** as well.

Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Order and Recommendation.

Plaintiff 's only claim against Deputy Warden Philbin appears to be that he failed to investigate the allegations contained in Plaintiff's grievance or grievances.  Even if this is true, it does not state a constitutional violation.  The Eleventh Circuit has held that a prisoner has no constitutional right to participate in prison grievance procedures.  ***See Wildberger v. Bracknell***, 869 F.2d 1467, 1467-68 (11th Cir. 1989).  Therefore, a prison official's failure

6

to process, respond to, or investigate such a grievance is not actionable under 42 U.S.C. § 1983. *See Bingham v. Thomas*, 654 F.3d 1171, 1178 (11th Cir. 2012) (explaining that the district court did not abuse "its discretion in dismissing [the prisoner's] claim that the prison's grievance procedures were inadequate").

Consequently,  it is **RECOMMENDED** that Plaintiff's claim regarding the grievance process be **DISMISSED** and, since this is the only claim against Defendant Deputy Warden Philbin, that he be **DISMISSED** as well.

Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Order and Recommendation.

Finally, Plaintiff 's allegation that Defendants Danforth and Orr assigned him to a top bunk when they were aware of his history of seizures should proceed beyond this initial screening stage. *See Thomas v. Young*, No. 6:04-CV-61, 2006 U.S. Dist. LEXIS 11669 at *11 (S. D. Ga. January 20, 2006) (explaining that "a slightly closer issue is whether Defendant displayed deliberate indifference . . . when he discontinued Plaintiff 's bunk profile," but summary granted after factual development); *Burley v. Upton*, 257 Fed. App'x 207 (11th Cir. 2007)[2] (Eleventh Circuit upheld the district court's grant of summary judgment in a bunk assignment case after factual development regarding medical need as well as defendants' knowledge and intentional disregard of that medical need).

It is hereby **ORDERED** that service be made against Defendants **DANFORTH AND ORR**,

---

[2]"Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2.

and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the ***Prison Litigation Reform Act***.

**Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served

and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the plaintiff.  The defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This 90-day period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   <u>except with written permission of the court first obtained,</u> INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR**

9

PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

<u>REQUESTS FOR DISMISSAL AND/OR JUDGMENT</u>

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

<u>DIRECTIONS TO CUSTODIAN OF PLAINTIFF</u>

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the ***Prison Litigation Reform Act***, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments.  In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED and RECOMMENDED**, this 7th day of September, 2012.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

lnb