IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

DEMARQUIS ANTOINE CAINION,    :
    :
       Plaintiff,    :
    :
       VS.    :
    :    7: 12-CV-108 (HL)
Warden WILLIAM DANFORTH, and    :
Dep. Warden CALVIN ORR,    :
    :
       Defendants.    :

## ORDER and RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. ▪ 1983 are a Motion to Dismiss filed on behalf of the Defendants, and various motions filed by the Plaintiff.   (Docs. 16, 20, 24-26, 35, 39).   The Court notified the Plaintiff of the filing of the Defendants' Motion to Dismiss and directed him to respond thereto within thirty (30) days of the Court's order.   (Doc. 18).

Plaintiff filed this action in August 2012, raising allegations of deliberate indifference to his serious medical conditions while housed at Valdosta State Prison.   (Doc. 1).   Plaintiff claims that Defendants Danforth and Orr assigned Plaintiff to a top bunk when they were aware of his history of seizures.   (Doc. 1).    Plaintiff asserts that he subsequently fell off the top bunk during a seizure and injured his eye.   *Id.*

### Motion to Dismiss (Doc. 16)

Defendants Danforth and Orr have filed a Motion to Dismiss, asserting in part that the Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.   (Doc. 16).   A motion to dismiss can be granted only if Plaintiff's Complaint, with all factual allegations accepted

as true, fails to Araise a right to relief above the speculative level@  *Bell Atlantic Corp. v. Twombly,*

550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to Astate a claim to relief that is plausible on its face.@ A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

The key to proper consideration of a motion to dismiss after *Twombly* is plausibility, as the

Awell-pled allegations must nudge the claim across the line from conceivable to plausible.@

*Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009).   Although the Court must

accept as true all of the factual allegations in the Complaint, this standard does not apply to legal

conclusions in the Complaint.   AThreadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice.@ *Iqbal*, 556 U.S. at 678.

In regard to exhaustion of administrative remedies, the Prison Litigation Reform Act

(APLRA@ mandates that all prisoners wishing to bring suits pursuant to ▪ 1983 based on conditions

of confinement violations must exhaust all available administrative remedies prior to filing a

federal action.   The Act provides that A[n]o action shall be brought with respect to prison

conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any

jail, prison, or other correctional facility until such administrative remedies as are available are

exhausted.@  42 U.S.C. ▪ 1997e (a).   In order to satisfy the exhaustion requirement, an inmate

must fully pursue all available administrative remedies, including pursuing and completing all

levels of appeal.  *Moore v. Smith*, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); *Harper v. Jenkin*,

179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to exhaust his administrative remedies as required by the PLRA).   "An inmate must use all steps in the administrative process and comply with any administrative deadlines and other critical procedural rules before exhaustion is proper.   Thus, if an inmate has filed an 'untimely or otherwise procedurally defective administrative grievance or appeal,' he has not properly exhausted his administrative remedies." *Woodford v. Ngo*, 548 U.S. 81, 89-92 (2006).

The Eleventh Circuit has held that

> deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process. First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of facts as true.   If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed. . . . If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

*Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

The Plaintiff does not refute the Defendants' showing that the grievance filed by the Plaintiff regarding the claims underlying this lawsuit was still pending at the time he filed his original Complaint.   (Doc. 1).   Moreover, in support of his proposed Amended Complaint, Plaintiff submitted the Grievance Appeal Response he received regarding his claims, which was dated October 16, 2012 and therefore not issued until more than two (2) months after Plaintiff executed his original Complaint.   (Doc. 20-2, p. 5).   Plaintiff's claims therefore are subject to dismissal pursuant to the first step of the *Turner* analysis.

The Defendants establish, by means of the affidavit testimony of Shawn Emmons, Chief Counselor at Valdosta State Prison, that a grievance system was in place at Valdosta State Prison

3

at the time of the incident underlying this lawsuit.   (Doc. 16-2).   The Defendants further

establish, supported by the affidavit testimony of Emmons, that during Plaintiff=s incarceration at

Valdosta State Prison and prior to the filing of this lawsuit, Plaintiff had filed informal and formal

grievances, but had not completed the grievance process as to the underlying claims herein before

filing this lawsuit.   *Id.* at ¶¶ 12-15.   Specifically, the Plaintiff's appeal of the response to his

formal grievance, filed July 31, 2012, was still pending when Plaintiff filed this lawsuit in August

2012.   *Id.*

The Court finds that the Plaintiff has not exhausted the claims underlying this lawsuit, in

that, he has not utilized all available remedies to grieve the alleged offenses of the Defendants.

The affidavit testimony in support of the Defendants' Motion to Dismiss establishes the presence

of a grievance system at Valdosta State Prison and establishes that the Plaintiff did not complete

the grievance process regarding his claim prior to filing this lawsuit.

The evidence before the Court shows that Plaintiff did not properly pursue and exhaust the

grievance procedure, leaving administrative remedies unexhausted.   The PLRA Arequires proper

exhaustion@   *Woodford*, 548 U.S. at 92.   In order to properly exhaust his claims, a prisoner must

Aus[e] all steps@ in the administrative process; he must comply with any administrative Adeadlines

and other critical procedural rules@ in place.   *Id.*   Exhaustion of the grievance system by means of

filing some form of proper grievance is required.   *Parzyck v. Prison Health Services, Inc.*, 627

F.3d 1215, 1218 (11th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 219 (2007)).   The Court

finds that the Defendants have met their burden to establish that the Plaintiff failed to exhaust his

administrative remedies as to the claims underlying this lawsuit.

The Court notes that there is no indication that Plaintiff=s use of the grievance process was

prohibited by prison officials, by means of threat or otherwise.   In order to demonstrate that

administrative remedies were unavailable, the Plaintiff must point to specific facts showing that

4

officials prohibited or blocked his use of the grievance process.  *Miller v. Tanner*, 196 F.3d 1190, 1194 (11th Cir. 1999) (inmate was not required to file an appeal after being told unequivocally, and in writing, that appeal was precluded; plaintiff produced memorandum denying grievance and informing plaintiff that no appeal was available); *Turner*, 541 F.3d at 1085 (prison officials serious threats of retaliation against an inmate for pursuing a grievance render administrative remedies unavailable).

Inasmuch as the Plaintiff has failed to fully exhaust administrative remedies as to his claims brought against the Defendants, it is the recommendation of the undersigned that the Defendants' Motion to Dismiss be **GRANTED**.


***Motion to amend (Doc. 20)***

In support of his Motion to Amend, the Plaintiff has submitted an Amended Complaint wherein he attempts to provide additional details as to his claims and his exhaustion of the prison grievance process.   (Docs. 20 and attachments).   Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> 1. ***Amending as a Matter of Course.***   A party may amend its pleading once as a matter of course within:
>
> **(A)** 21 days after serving it, or
> **(B)** If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under rule 12(b), (e), or (f), whichever is earlier.
>
> 2. ***Other Amendments***.   In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.   The court should freely give leave when justice so requires.

Plaintiff executed his Motion to Amend on December 4, 2012, twenty-five (25) days after

the Defendants filed their Motion to Dismiss.   (Docs.16, 20).   Thus, Plaintiff may not amend his Complaint as of right, but seeks to add to his Complaint by leave of court.

The decision whether to grant leave to amend a pleading is within the sound discretion of the district court and is not automatic.   *Nat'l. Service Industries, Inc. v. Vafla Corp*, 694 F.2d 246, 249 (11th Cir. 1982).   Although the decision to grant or deny a motion to amend a complaint is within the discretion of the court, "a justifying reason must be apparent for denial of a motion to amend."   *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993).   The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'"   *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court notes that the Plaintiff does not provide any explanation for his failure to include additional alleged <u>facts</u> regarding exhaustion, prior lawsuits, and claims in his original Complaint. (Doc. 20).   Plaintiff cites only to the alleged "inadequacy of legal research materials and inaccessibility to Court" as reasons for the need to file an amended Complaint.   *Id.*   Plaintiff maintains that Valdosta State Prison isolation restricts access to legal research materials and that since the filing of his original Complaint, he has obtained legal materials from outside sources. *Id.*

The Court finds that Plaintiff proceeded with **undue delay** in seeking to amend his Complaint.   There is no indication that the information provided by the Plaintiff in his Amended Complaint regarding prior lawsuits and exhaustion was unavailable to the Plaintiff when the original Complaint was filed.   The Plaintiff waited four (4) months after filing his original Complaint and one month after the Defendants filed a dispositive motion to seek leave to amend.

Moreover, the undersigned has issued a recommendation herein that the Defendants' Motion to Dismiss be granted, based on a finding that Plaintiff failed to exhaust available administrative remedies.  *Keith v. Stewart*, 2006 WL 2298004 (N.D.Ga.) (leave to amend a complaint to add defendant on deliberate indifference claims denied as **futile** where motion to amend was filed after defendant filed a summary judgment motion and the court had already found that the named defendants were entitled to entry of summary judgment on deliberate indifference claims). Accordingly, Plaintiff's Motion for Leave to Amend (Doc. 20) is hereby **DENIED**.


### *Motion for injunctive relief (Doc. 24)*

In a motion filed on January 31, 2013, the Plaintiff seeks a Court Order directing his transfer to another prison.   In order to obtain injunctive relief, the Plaintiff must prove that:   (1) there is a substantial likelihood that he will prevail on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest.  *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 483 (11th Cir. 1990).   Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available.  *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987).

A review of the Plaintiff's motion reveals an inadequate basis for the issuance of an injunctive order.   Plaintiff has not established that he is entitled to injunctive relief in regard to his requests, i.e., that there is a substantial likelihood of success on the merits or resulting irreparable harm, or that no other relief is available to address his alleged injuries.   Accordingly, it is the recommendation of the undersigned that Plaintiff's Motion for Injunctive Relief be **DENIED.**

7

***Motions to appoint counsel (Docs. 25, 26, 35)***

Plaintiff has petitioned this Court to appoint legal counsel to represent him in this proceeding.   Generally speaking, no right to counsel exists in §1983 actions.   *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983).   Appointment of counsel is a privilege that is justified only by exceptional circumstances.   *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).   Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the Plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the Plaintiff.   The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required.   Accordingly, Plaintiff's Motions for Appointment of Counsel are **DENIED.**

***Motion to Stay (Doc. 39)***

In light of the rulings and recommendations issued herein, Plaintiff's Motion to Stay has been rendered moot and is hereby **DENIED**.

***Objections***

Pursuant to 28 U.S.C. ▪ 636(b)(1), the parties may file written objections to the recommendations herein with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO ORDERED and RECOMMENDED**, this 3rd day of June, 2013.


s/ ***THOMAS Q. LANGSTAFF***

UNITED STATES MAGISTRATE JUDGE


asb

9